UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TADARIO SIMS,

                    Petitioner,                Case No. 1:19-cv-790

v.                                       Honorable Janet T. Neff

SHERRY BURT,

                    Respondent.

_____/

## <u>REPORT AND RECOMMENDATION</u>

       This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

<u>**Discussion**</u>

**I.    Factual Allegations**

Petitioner Tadario Sims is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of four counts of first-degree criminal sexual conduct (CSC-I), Mich. Comp. Laws § 750.520b, and three counts of second-degree criminal sexual conduct (CSC-II), Mich. Comp. Laws § 750.520c.  On February 25, 2009, the court sentenced Petitioner to prison terms of 25 to 50 years on each of the CSC-I convictions and 9 to 15 years on each of the CSC-II convictions.

Petitioner filed a delayed application for leave to appeal his convictions to the Michigan Court of Appeals.  On December 30, 2009, the court of appeals denied leave to appeal for lack of merit in the grounds presented.  Petitioner did not seek leave to appeal to the Michigan Supreme Court.

On August 7, 2018, Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court, raising two grounds:  (1) ineffective assistance of appellate counsel; and (2) ineffective assistance of trial counsel.  The court denied the motion on December 4, 2018. Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals.  The court of appeals denied leave to appeal on April 19, 2019, because Petitioner failed to establish that the trial court erred in denying the motion for relief from judgment.  Petitioner has not sought leave to appeal to the Michigan Supreme Court.

On September 26, 2019, Petitioner filed his habeas corpus petition, raising the two grounds presented in Petitioner's motion for relief from judgment.  Under Sixth Circuit precedent, the

application is deemed filed when handed to prison authorities for mailing to the federal court.

*Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner placed his petition in the prison

mailing system on September 26, 2019.  (Pet., ECF No. 1, PageID.14.)

## II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28

U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and

Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed

application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S.

167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes);

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

3

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured, and Petitioner has not suggested that any other date applies. Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to his habeas application, Petitioner filed an application for leave to appeal his conviction to the Michigan Court of Appeals, which was denied on December 30, 2009. Petitioner did not seek leave to appeal to the Michigan Supreme Court.

Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*") (emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalez v. Thaler*, 565 U.S. 134, 152-53 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires). Under Michigan law, a party has 56 days in which to apply for leave to appeal to the Michigan Supreme Court. *See* Mich. Ct. R. 7.305(C)(2). Accordingly, Petitioner's conviction became final on February 24, 2010. Petitioner had one year, or until February 24, 2011, in which to file his habeas application. Petitioner filed on September 26, 2019. Obviously, absent tolling, Petitioner filed more than one year after the time for direct review expired.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly-filed petition for state collateral review is pending, the tolling provision does not

4

"revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year period expired in 2011, his collateral motion filed in 2018 did not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007); *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain

period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-93 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.  In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)).  Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence.  *Id.* at 399-400.

In the instant case, Petitioner does not even claim that he is actually innocent, much less proffer new evidence of his innocence that makes it more likely than not that no reasonable jury would have convicted him.  *Schlup*, 513 U.S. at 329.  Because Petitioner has wholly failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).  His habeas petition therefore is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### III.    Certificate of appealability

Even though I have concluded that Petitioner's habeas petition should be denied, under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied.


Dated: ___November 12, 2019___          ___/s/ Sally J. Berens___
                                        Sally J. Berens
                                        United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).